## MICHIGAN SHOE CO. v. PAUL.

1. EXAMINATION OF WITNESSES—HARMLESS ERROR.
  The exclusion of a question to a witness is harmless where other questions are permitted which substantially cover the same ground.

2. EVIDENCE—CONCLUSIONS—ADMISSIBILITY.
  In an action on the note of a partnership a question to one of the partners whether he had authority from the firm to sign notes and checks was properly excluded, since the answer would have involved a conclusion of fact and law.

3. SAME—CONTRACT—MEMORANDUM—ADMISSIBILITY.
  Where, after testifying to an oral contract, a witness states that the agreement was put in a writing which embodied the whole agreement, but was not signed, the writing may be admitted in evidence as bearing on the truth of the witness' statement.

4. PARTNERSHIP — INCOMING PARTNERS — LIABILITIES — DEBTS OF OLD FIRM.

Where an incoming partner denies the liability of the firm for the debts of the original owner of the business, a part of which the latter has paid with assets of the firm, it is not error to instruct the jury that the fact that the incoming partner did not deny his liability on being informed that his partner had signed the firm name to the note sued upon is not of itself a ratification or adoption of said note, but may be considered in determining whether he told his partner he might give the note, and that a verdict cannot be found against the incoming partner, because he was ·careless in omitting to know what use his partner was making of the partnership funds.

Error to Lenawee; Lockwood, J. Submitted June 21, 1907. (Docket No. 88.) Decided October 4, 1907.

Assumpsit by the Michigan Shoe Company against Philip A. Paul and John Zimmerman, copartners as Paul & Zimmerman, upon a promissory note and for goods sold and delivered. There was judgment for defendants, and plaintiff brings error. Affirmed.

*Bird & Sampson*, for appellant.

*John A. Riley* and *Smith, Baldwin & Alexander*, for appellees.

HOOKER, J. The plaintiff, a wholesale shoe dealer, had a patron named Paul, one of the defendants in this cause, at Blissfield, who became indebted to it in the sum of $500.66, when he entered into copartnership with Zimmerman, the other defendant, and they continued the business as equal partners, Zimmerman having purchased a half interest from Paul. The firm continued to patronize the plaintiff. Plaintiff brought two actions against the defendants in justice's court, one upon a promissory note for $71.13 bearing their signature, the other for the collection of an account for goods furnished them, amounting to $298.80. Judgments were taken, no defense being

made. The cases were appealed to the circuit where they were consolidated and Zimmerman was permitted to file a plea of the general issue with a notice of set-off and payment, and a sworn denial of the execution of the note. The trial resulted in a verdict of "no cause" and the plaintiff appealed. The testimony showed that Paul's indebtedness was reduced by sundry credits based upon his personal and firm checks, to the sum of $141.13, for which he gave firm notes for $70 and $71.13, respectively. The $70 note was afterwards paid by a firm check, while the latter was made the basis of one of the suits brought. Zimmerman claimed, and appears to have convinced the jury, that he never consented to or knew of the issue of firm checks or notes in payment of Paul's obligation, and that the former were sufficient in amount to pay the firm account.

Errors assigned relate to the rulings on the introduction of testimony and the charge, and will be considered in their order. One Stoepel was called for the plaintiff, and testified that Zimmerman told him that he did not owe plaintiff a cent, and that he did not ask why the plaintiff had not given the firm credit for a check that they had mailed it, which was conceded not to have been credited to the firm. On redirect plaintiff sought to show that this witness "did not know that Paul was using some one's else money to pay his debts with." This was excluded, but he was permitted to state that when he received the checks and notes he had no knowledge that the person who signed them had no authority to do so, and supposed that he had such authority—which substantially covered the same ground.

The plaintiff called Paul as a witness. He had interposed no defense below, and filed no plea in the circuit, and apparently was willing that firm money should be applied on his personal debts. He was asked by plaintiff's counsel if he had authority from the firm to sign checks and notes. The court excluded an answer, requiring counsel to prove the facts from which the author-

ity was claimed. There was no error in this, as the answer sought would have involved a conclusion of fact and law. These were then shown, Paul testifying at length as to the copartnership agreement which was admittedly oral. On cross-examination he stated that this agreement was put in a writing which embodied the whole agreement, but was not signed. It was properly admitted as bearing upon the truth of the witness' statement. The witness was asked on cross-examination:

"Is your recollection as to the transaction there, is that as accurate as your recollection is what was in that contract you dictated between you and Zimmerman?"

The witness answered, "I am perfectly positive about this 14th day of March." Plaintiff suffered nothing by this answer.

The substance of the plaintiff's second request was given, which was sufficient. Error is assigned upon the following requests of defendants' counsel which were given:

"9. The mere fact alone that the defendant Zimmerman did not deny his liability, on being informed that Mr. Paul had signed the name of Paul & Zimmerman to the note, is not of itself an adoption or ratification of said note, but you may consider such fact, if you find it to be a fact, in determining the question of whether Zimmerman told Paul he might give the note.

"17. You cannot find a verdict against the defendant Zimmerman because he was careless, if you find that he was, in omitting to know what use Mr. Paul was making of the partnership funds."

We are of the opinion that it was proper to give these requests in connection with the rest of the charge, and in the light of the record.

There is no error, and the judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.